UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
KAH INSURANCE BROKERAGE, INC.,

                                      Plaintiff,

-against-

THOMAS B. MCGOWAN IV,
MCGOWAN PROGRAM ADMINISTRATORS, INC.,
and JEFFREY GUKENBERGER,

                                     Defendants.
-----------------------------------------------------------------------X

<u>For Online Publication Only</u>

**<u>ORDER</u>**
21-CV-05851 (JMA) (ARL)

**FILED**
**CLERK**
9:26 am, Aug 23, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

In this action, Plaintiff KAH Insurance Brokerage, Inc. asserts various contract-based claims against Defendants Thomas B. McGowan IV, McGowan Program Administrators, Inc. (together, the "McGowan Defendants"), and Jeffrey Gukenberger. The McGowan Defendants and Gukenberger have moved to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction; the McGowan Defendants also moved to dismiss for failure to state a claim under Rule 12(b)(6) or, in the alternative, to compel arbitration. (ECF Nos. 22, 28.) The Court subsequently referred Defendants' motions to Magistrate Judge Arlene R. Lindsay for a report and recommendation ("R&R"). (Electronic Order dated Apr. 28, 2023.)

In a R&R issued on August 4, 2023, (ECF No. 29), Magistrate Judge Lindsay recommends that the Court (i) grant Defendants' motions to dismiss for lack of personal jurisdiction, (ii) deny Plaintiff's request for jurisdictional discovery, and (iii) decline to address the McGowan Defendants' Rule 12(b)(6) motion and motion to compel arbitration. No objections to the R&R have been filed and the time to do so has since passed.

In reviewing a magistrate judge's report and recommendation, a court must "make a <u>de novo</u> determination of those portions of the report or . . . recommendations to which

objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); see also United States ex rel. Coyne v. Amgen, Inc., 243 F. Supp. 3d 295, 297 (E.D.N.Y. 2017), aff'd, 717 F. App'x 26 (2d Cir. 2017). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). However, "[w]here parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." Smith v. Campbell, 782 F.3d 93, 102 (2d Cir. 2015) (quoting Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002)); see also Phillips v. Long Island R.R. Co., 832 F. App'x 99, 100 (2d Cir. 2021) (same). In the absence of any objections, "the district court need only satisfy itself that there is no clear error on the face of the record." Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd., 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (internal citations omitted). The Court has reviewed the record and the unopposed R&R for clear error and, finding none, hereby adopts the R&R as the opinion of the Court.

Accordingly, Defendants' motions to dismiss for lack of personal jurisdiction are GRANTED. Plaintiff's claims are DISMISSED without prejudice. The Clerk of Court is respectfully directed to enter judgment accordingly and close the case.

**SO ORDERED.**

Dated: August 23, 2023
       Central Islip, New York

                                      /s/ (JMA)
                                      JOAN M. AZRACK
                                      UNITED STATES DISTRICT JUDGE